ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :     **SUPERSEDING INDICTMENT**

        -v.-                        :     S2 12 Cr. 802 (KBF)

DAVID DELVA,                      :

        Defendant.              :

- - - - - - - - - - - - - - - - x

COUNT ONE

The Grand Jury charges:

1.   In or about September 2012, in the Southern District of New York, DAVID DELVA, the defendant, and others known and unknown, unlawfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, the defendant agreed with others to rob an individual they believed to be in possession of drugs and drug proceeds in the Bronx, New York (the "Male Victim").

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/12/14

### Overt Acts

2.      In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed by DAVID DELVA, the defendant, in the Southern District of New York and elsewhere:

      a.    In or about September 2012, DELVA and other co-conspirators threatened and kidnapped a female victim (the "Female Victim") associated with the Male Victim.

      b.    In or about September 2012, DELVA and other co-conspirators threatened and kidnapped the Male Victim and stole drug proceeds from the Male Victim's apartment in the Bronx, New York.

(Title 18, United States Code, Section 1951.)

### COUNT TWO

The Grand Jury further charges:

3.      In or about September 2012, in the Southern District of New York, DAVID DELVA, the defendant, and others known and unknown, unlawfully and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, DELVA and others robbed the Male Victim of drug proceeds in the Bronx, New York.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT THREE

The Grand Jury further charges:

4. In or about September 2012, in the Southern District of New York, DAVID DELVA, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Section 1201.

5. It was a part and an object of the conspiracy that DAVID DELVA, the defendant, and others known and unknown, would and did unlawfully seize, confine, kidnap, abduct, and carry away and hold for ransom and reward and otherwise, a person, and use a means, facility, and instrumentality of interstate commerce in committing and in furtherance of the commission of the kidnapping, in violation of Title 18, United States Code, Section 1201.

### Overt Acts

6. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed by DAVID DELVA, the defendant, in the Southern District of New York and elsewhere:

   a. In or about September 2012, DELVA and other co-conspirators kidnapped the Female Victim in the Bronx, New York, and forced her to call the Male Victim on her cellular telephone in

an effort to get the Male Victim to come to the Female Victim's apartment.

      b.  In or about September 2012, DELVA and other co-conspirators kidnapped the Male Victim in the Bronx, New York, and forced him to call someone on his cellular telephone in an effort to obtain ransom money.

(Title 18, United States Code, Section 1201(c).)

## COUNT FOUR

The Grand Jury further charges:

7.  In or about September 2012, in the Southern District of New York, DAVID DELVA, the defendant, and others known and unknown, willfully and knowingly did seize, confine, kidnap, abduct, and carry away and hold for ransom and reward and otherwise, a person, and use a means, facility, and instrumentality of interstate commerce in committing and in furtherance of the commission of the kidnapping, to wit, DELVA and others kidnapped the Male Victim and the Female Victim and forced them to use their cellular telephones in furtherance of the offense.

(Title 18, United States Code, Sections 1201 and 2.)

## COUNT FIVE

The Grand Jury further charges:

8.  In or about September 2012, in the Southern District of New York, DAVID DELVA, the defendant, and others known and unknown,

4

during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the robbery offenses charged in Count One and Two of this Indictment, and the kidnapping offenses charged in Counts Three and Four of this Indictment, knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which were brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.)

## COUNT SIX

The Grand Jury further charges:

9. From at least in or about September 2012, up to and including on or about June 4, 2013, in the Southern District of New York and elsewhere, DAVID DELVA, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

10. It was a part and an object of the conspiracy that DAVID DELVA, the defendant, and others known and unknown, would and did distribute and possess with the intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

11. The controlled substances that DAVID DELVA, the defendant, conspired to distribute and possess with intent to

distribute were (1) mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as crack, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C); (2) mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C); and (3) mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(D).

Overt Acts

12.   In furtherance of the conspiracy, and to effect the illegal objects thereof, the following overt acts, among others, were committed by DAVID DELVA, the defendant, in the Southern District of New York:

a.   In or about September 2012, DELVA and others agreed to rob the Male Victim of marijuana.

b.   On or about June 4, 2013, DELVA, the defendant, possessed crack cocaine and powder cocaine in the Bronx, New York.

(Title 21, United States Code, Section 846.)

COUNT SEVEN

The Grand Jury further charges:

13.   In or about June 2013, in the Southern District of New York and elsewhere, DAVID DELVA, the defendant, during and in

6

relation to a drug-trafficking crime for which he may be prosecuted in a court of the United States, namely, the drug-trafficking offense charged in Count Six, knowingly did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(C)(i), and 2.)

## COUNT EIGHT

The Grand Jury further charges:

14.  In or about June 2013, in the Southern District of New York, DAVID DELVA, the defendant, after having been convicted in a court of crimes punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce, a firearm, to wit, a .9mm SCCY pistol, and ammunition, to wit, cartridges containing Winchester bullets and Fiocchi hollow-point bullets, which had been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Section 922(g)(1).)

## FORFEITURE ALLEGATIONS

15.  As a result of committing the Hobbs Act robbery offenses in violation of 18 U.S.C. § 1951 as alleged in Counts One and Two of this Superseding Indictment, DAVID DELVA, the defendant, shall forfeit to the United States pursuant to 18 U.S.C. §

981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses.

16. As a result of committing the controlled substance offense alleged in Count Six of this Superseding Indictment, DAVID DELVA, the defendant, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the he obtained directly or indirectly as a result of the said offense and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense alleged in Count Six of this Indictment.

17. As a result of committing the firearms offenses alleged in Counts Five, Seven and Eight of this Superseding Indictment, DAVID DELVA, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offenses.

<u>Substitute Assets Provision</u>

18. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

(Title 18, United States Code, Sections 924 and 981; Title 21, United States Code, Sections 841(a)(1) and 853; and Title 28, United States Code, Section 2461.)

_____  
FOREPERSON

_____  
PREET BHARARA  
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

DAVID DELVA,

Defendant.

SUPERSEDING INDICTMENT

S2 12 Cr. 802 (KBF)

(21 U.S.C. § 846; 18 U.S.C. §§ 922(g), 924(c), 1201, 1951, 2.)

PREET BHARARA
United States Attorney.

A TRUE BILL

_____
Foreperson.

6/12/14 - Filed Superseding Indictment
ae

Judge Gorenstein
USMJ