

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

August 19, 2014

**Via Electronic Mail**

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Chambers 1950
New York, New York 10007

    Re:    *United States* v. *David Delva*, S2 12 Cr. 802 (KBF)

Dear Judge Forrest:

    I write on behalf of the Government in the above captioned matter, to elucidate the circumstances underlying the parties' joint request for an adjournment of the trial presently scheduled for September 8, 2014 before Your Honor.

    In the Court's August 8, 2014 Order denying the parties' adjournment application, the Court stated that it is "unclear why so much time would be needed to obtain data which already exists (by definition)," and that, with respect to the DNA evidence, the Government "has an obligation to make all relevant discovery available."

    As an initial matter, the Government has complied with its discovery obligations pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure, and has provided to the defense complete and certified DNA case files obtained from the New York City Office of the Chief Medical Examiner ("OCME").  *See* Fed. R. Crim. P. 16(a)(F).  The most recent of these materials, pertaining to the defendant's DNA match, were provided to defense counsel via electronic mail on July 18, 2014, just seven days after the Government received notice of the results of the DNA comparison from OCME.  This production by the Government went beyond the requirements of Rule 16, as it included electronic data (*i.e.*, electropherograms), upon which the OCME analyst relies in analyzing the results of DNA testing and in preparing the report of analysis and conclusions.

    The additional materials requested by defense counsel, which are in the possession, custody, and control of a third party (namely, OCME) would ordinarily be sought via a Rule

17(c) subpoena. That is, these materials are *not* Rule 16 discovery. The "raw data" requested by the defense, which they assert is necessary for defense expert(s) to review, verify the results of, and/or retest the DNA samples in this case, is akin to providing the actual physical slides from an autopsy, or the underlying physical ballistics evidence from firearms or ammunition, for analysis by a defense expert. This underlying physical evidence may be obtained by the defense pursuant to a Court-ordered Rule 17(c) subpoena directed to the third party custodian. In this case, the Government, which is not in possession of the requested materials, is facilitating defense counsel's request for these materials vis-à-vis OCME, in an attempt to expedite the request and avoid any potential delay in having defense counsel seek these materials via the Rule 17 process.

Our understanding from OCME is that "raw data" consists of data which exists exclusively on the OCME's network/server. It is not in a record or document format, and is not referred back to by the analyst when analyzing the results of testing, nor when preparing any report of analysis and comparison. Indeed, at no time does the analyst at the OCME look at the "raw data" – their analysis and conclusions are based on the electropherograms, which are created electronically from the raw data, and have already been provided to defense counsel, as described above. Although the raw data "exists" at OCME, gathering it all from OCME servers and compiling it into a form that can be provided to defense experts on transferable media and analyzed by them is an extremely time consuming process. This is also not a task that is regularly undertaken by OCME, as requests for raw data are typically opposed by the various New York City District Attorney's Offices as outside the parameters of the New York state criminal discovery statutes. Accordingly, the Government's understanding from OCME is that the compilation of this data will take approximately three to four weeks, and is a task which cannot be rushed or expedited. OCME estimates that it will have the materials compiled on or about September 3, 2014 – only 5 days before the currently-scheduled start of trial. Once compiled and produced, the Government anticipates that the defense's expert(s) will also need time to review this data, and report their conclusions. The Government may then seek to conduct further review in order to rebut these conclusions.

Should the Court have any additional questions or concerns pertaining to the need for the adjournment, please do not hesitate to contact me.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: *[signature]*
Justina L. Geraci
Assistant United States Attorney
(212) 637-2468

cc:   Jeffrey G. Pittell, Esq.   (via electronic mail)
      Maher & Pittell, LLP

2