E9iQdel1                          Jury Trial

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                              12 CR 802 (KBF)

5    DAVID DELVA,

6                   Defendant.

7    ------------------------------x

                                              New York, N.Y.
8                                             September 18, 2014
9                                             10:30 a.m.

10
     Before:
11
                        HON. KATHERINE B. FORREST
12
                                              District Judge
13

14                         APPEARANCES

15   PREET BHARARA
          United States Attorney for the
16        Southern District of New York
     JUSTINA GERACI
17   RYAN POSCABLO
          Assistant United States Attorney
18
     JEFFREY PITTELL
19        Attorney for Defendant Delva

20

21   ALSO PRESENT:   JOHN REYNOLDS, Special Agent FBI
     ANNIE CHEN, Paralegal Specialist, U.S. Attorney's Office
22

23

24

25

E9iQdel1                          Jury Trial

1       (In open court)

2       (AT 11:50 a.m. a note was received from the jury)

3       THE COURT:  Ladies and gentlemen let's all be seated.

4  I have received a note from the jury.  I have marked it as

5  Court Exhibit 3.  It is signed by Deirdre Moy.  She dated it as

6  11:47.  We got it at 11:50.

7       It states:  We cannot come to an agreement.  How long

8  should we deliberate?

9       So, here is my suggestion:  It does not state whether

10 the jury is in disagreement as to all counts or as to some, but

11 not all counts -- nor does it suggest that they are at the

12 point where they want to stop.  So what I would suggest is that

13 we call the jury out, and I give them the following

14 instruction -- so I will read this twice so that you folks can

15 hear it and then comment on it.

16      I will read the question, and then I would say:

17      There is no set length of time during which you should

18 deliberate.  Unanimity is required to return a verdict on each

19 count, and if, after careful deliberation, you cannot reach a

20 unanimous verdict, you should so inform the Court.

21      However, let me instruct you that if you have agreed

22 unanimously as to some, but not all counts, even one count, you

23 can return a verdict as to any count as to which you have

24 reached a unanimous verdict and continue your deliberations as

25 to the remainder.

1     Then I would say:  You have been deliberating for

2 about two days, and that is not an unusual length of time for

3 you not to have an agreement.  It is normal for jurors to have

4 differences of opinion at first.

5     The case is very important to both the defendant and

6 the government.  And if you fail to reach a verdict on one or

7 more counts, there is some chance that the count would have to

8 be tried again later.  And there is no reason to believe that

9 the case would be tried more exhaustively than it was here or

10 that we would have a jury that is more conscientious than you.

11     So, I encourage you to go back to deliberate with an

12 open mind and to listen carefully to each other, but no juror

13 should vote for a verdict if he or she -- if that verdict does

14 not represent his or her view after careful deliberation.

15     Let me read it again.

16     I read the question.  There is no set length of time

17 for which you should deliberate.  Unanimity is required to

18 return a verdict on each count, and if, after careful

19 deliberation, you cannot reach a unanimous verdict, you should

20 so inform the Court.  However, let me instruct you that if you

21 have agreed unanimously as to one or more, but not all counts,

22 you can return a verdict as to any counts as to which you have

23 reached a unanimous verdict.  You have been deliberating for

24 about two days.  That is not an unusual length of time not to

25 have an agreement.  It is normal for jurors to have differences

E9iQdel1                          Jury Trial

1  of opinion at first.

2          The case is very important both to the defendant and

3  to the government.  If you fail to reach a verdict on one or

4  more counts, you will leave open the possibility that that

5  count may have to be tried again, and there is no reason to

6  believe that the case will be tried more exhaustively than it

7  was here or that we would have a jury more conscientious than

8  you.

9          So I encourage you to go back and deliberate with an

10  open mind and to listen carefully to each other.  No juror

11  should vote for a verdict if it does not represent his or her

12  view after such careful deliberation.

13          How does the government feel about that approach and

14  that instruction?

15          MS. GERACI:  Judge, we're fine with your approach on

16  the instruction.

17          THE COURT:  Thank you.

18          MR. POSCABLO:  Just one thing.

19          THE COURT:  Yes.

20          MR. POSCABLO:  I think, your Honor, if they do return

21  a partial verdict, we respectfully request that your Honor also

22  say that they can no longer deliberate on the counts that

23  they've already reached a verdict on, obviously.

24          THE COURT:  I don't know if they have any verdict.  I

25  don't know if they've agreed on any count.

E9iQdel1                        Jury Trial

1          MR. POSCABLO:  Correct.

2          THE COURT:  If they do, then they would be instructed

3    that their deliberations as to those counts would be

4    terminated.

5          MR. POSCABLO:  Thank you.

6          THE COURT:  I can add that in.  Well, let's see if

7    they come back with a verdict on the count.

8          Mr. Pittell?

9          MR. PITTELL:  Can you read it again one more time,

10   please?

11         THE COURT:  Absolutely.  I read the question which is:

12   If we cannot come to an agreement, how long should we

13   deliberate?

14         Here is my instruction:  There is no set length of

15   time for which you should deliberate.  Unanimity is required to

16   return a verdict on each count, and if, after careful

17   deliberation, you cannot reach a unanimous verdict, you should

18   so inform the Court.

19         However, let me instruct you that if you have agreed

20   unanimously as to one or more but not all counts, you can

21   return a verdict as to any counts as to which you have reached

22   unanimous agreement.  You have been deliberating for about two

23   days and that is not an unusual length of time.  It is normal

24   for jurors to have differences of opinion at first.

25         Now, the case is very important to both the defendant

and to the government.  If you fail to reach a verdict on one

or more counts, you will leave open the possibility that that

count may have to be tried again, and there is no reason to

believe the case will be tried more exhaustively than it was

here or that we would have a jury more conscientious than you.

So I encourage you to go back to deliberate with an

open mind and to listen carefully to each other.  But no juror

should vote for a verdict if it does not represent his or her

view after such careful deliberation

MR. PITTELL:  Judge, I would prefer that there is no

language in there regarding the split verdicts.  The question

is how long should they deliberate, and the answer goes

beyond -- from my perspective, the answer goes beyond just

simply answering the question how long can or should they

deliberate.

THE COURT:  The question -- the reason I raised it the

way I did or I put it in -- let me give you my thinking -- is

that the jury has never been instructed in their initial

instructions that they could return a verdict on one but not

all counts.  The phrase "how long should we deliberate" is as

to each count individually but also as to all counts

collectively.  So, suggesting that if they've reached a

unanimous verdict as to an individual count, their

deliberations as to that count may be concluded.  So that is

the reason for it.  It's to clarify for them the wording of

E9iQdel1                    Jury Trial

1    deliberation.

2              MR. PITTELL:  My position is that I would prefer that

3    it doesn't have the language regarding the split verdicts.  I

4    didn't write down all your language, but I think one of the

5    sentences starts with unanimous as to one or more --

6              THE COURT:  I would say partial verdict, not split.

7              MR. PITTELL:  Oh, all right.

8              Unanimous as to one or more, and then there is a few

9    more sentences, and then it starts up again "this case is very

10   important to both sides," and then it goes into "if you fail to

11   reach a verdict."

12             My preference would be that -- because we're still, I

13   feel, early in the deliberations.  It is eight counts.  There

14   are obviously contested questions of fact.  My preference would

15   be to leave out the language regarding partial verdict at this

16   point, see if we get another note which indicates maybe they're

17   deadlocked or getting close to the time when we might start

18   talking about Allen charge if we go there.

19             THE COURT:  Mr. Poscablo?  Ms. Geraci?

20             MR. POSCABLO:  Just one moment, Judge.

21             THE COURT:  Yes.

22             MR. POSCABLO:  Judge, for now I think we agree with

23   Mr. Pittell.  We can wait for another note to see where we are.

24             THE COURT:  All right.  So, let's just be very clear

25   about which paragraph I am going to leave out.  All right?

E9iQdel1                      Jury Trial

1    It's one paragraph.

2              I would say:  There is no set length of time for which

3    you should deliberate.  Unanimity is required.  I would then

4    after that say:  You've been deliberating for about two days

5    and continue and go into the remainder.  But I would not say

6    the paragraph that began "however, let me instruct you that if

7    you've agreed unanimously as to one or more but not all counts,

8    you can return a verdict to that one which you have agreed

9    unanimously."

10             MR. POSCABLO:  Judge, can I have a moment?  Can I take

11   two minutes to make a telephone call?

12             THE COURT:  Yes.  Why don't you folks confer let me

13   come back out here in just a moment, OK?

14             MR. POSCABLO:  All right.  Your Honor.

15             (Recess)

16             THE COURT:  Ladies and gentlemen, let's be seated.

17   Have people had an opportunity to think further about this?

18             MS. GERACI:  Yes, your Honor.  The government has two

19   thoughts on your Honor's proposed language.  First, with

20   respect to the language that your Honor has proposed to take

21   out, we do believe that it is appropriate for several reasons.

22   We believe the Court should note, in fact, they only have been

23   deliberating for really a short time.  In fact, they only

24   started deliberating around 11:30 yesterday morning or so,

25   around that time.  It really hasn't been two days.  We would

E9iQdel1                        Jury Trial

1  request that your Honor note a case of this nature and of the

2  counts that just about a day of deliberation is not terribly a

3  long amount of time.

4        Secondly, Judge, we would ask for the partial verdict

5  language that your Honor has suggested with the addition of

6  noting that this is one option for them, and that it is

7  entirely at their discretion but you are simply informing them

8  it is an option.  And we believe that it is sort of needed

9  because of the ambiguity in their question.  That's why we are

10 suggesting to proceed this way

11       THE COURT:  All right.  Let me just make a note.  Then

12 I want to hear from Mr. Pittell.

13       Mr. Pittell.

14       MR. PITTELL:  My position remains the same.

15       THE COURT:  How about on the -- I think there are

16 actually two pieces at issue now.  One of them may be

17 relatively easy, which is, I think Ms. Geraci makes a good

18 point; that the deliberations really commenced when --

19 yesterday at 11:30, almost exactly when Juror No. 7, alternate

20 number one replaced Juror No. 7.  It wasn't quite 11:30, but it

21 was late morning, let's say.  I don't think we need to give an

22 hour.  So it's not two days.  It's one day.  So I would make

23 that change and say you've only been deliberating for one day,

24 for 24 hours.

25       MR. PITTELL:  I agree with that.

1           THE COURT:  And then the other point would be the

2     partial verdict where you still disagree.

3           MR. PITTELL:  Right.  In fact, the fact that they

4     really only have been deliberating for one day as opposed to

5     two days really sort of strengthens my argument or further

6     supports the reasons why I earlier stated why I think it is

7     premature to start instructing them about partial verdicts.

8           THE COURT:  Do you think that there is any case law or

9     other legal reason why the Court could not in its discretion if

10    I interpret the question, as I had previewed for you folks

11    beforehand, in the manner that as suggested by Ms. Geraci is

12    also suggested, the word deliberations is sort of open; that I

13    couldn't provide the partial instruction language?

14          MR. PITTELL:  I mean, you're asking me to really

15    speculate.

16          THE COURT:  I'm just wondering if you know of, for

17    instance --

18          MR. PITTELL:  I don't know of -- as I stand here right

19    now, I can't tell of any authority regarding the Court's

20    discretion on the interpretation of language in a note.

21          My impression on the language of the note is I don't

22    think it is so ambiguous.  It asks -- I guess they're asking is

23    there a time limit by which we have to reach a verdict?  Do we

24    have to reach a verdict within two days or three days?  Is

25    there a set limit?

E9iQdel1                        Jury Trial

1          THE COURT:  So let me also, I think we clearly, we can

2    all agree they're not asking it because they're anticipating at

3    some future point not being able to reach an agreement.

4    They're feeling the lack of agreement right now which is what

5    has inspired the question.

6          I am speculating as to their state of mind, but I

7    think it is a rather educated guess given that jurors tend to

8    write questions when they have the question actively in their

9    mind.  So it's based upon experience in that manner.

10         But let me ask you, do you know of any cases where the

11   court's instruction as to partial verdicts has resulted in

12   reversible error because it was given too soon?  I do no, but I

13   do want to find out if you are aware of anything.

14         MR. PITTELL:  As I stand here, no.

15         THE COURT:  Here is what I would suggest we do.  I

16   think it would be useful to tell them but to add in some

17   additional language.  Let me tell you the additional language:

18         However, let me instruct you that as one option for

19   you, which you may, but need not, exercise in your discretion

20   is:  If you have agreed unanimously as to one or more, but not

21   all counts, you can return a verdict as to any count as to

22   those -- as to such counts, and you would then continue your

23   deliberations as to the remainder.

24         However, I should also tell you that if you did return

25   a verdict as to certain counts, your deliberations as to those

E9iQdel1                        Jury Trial

1   counts would be completed.

2          So they've got two additional items in there that they

3   did not have in the prior version.  One is an option that they

4   can exercise or not in their discretion.

5          And, secondly, that they should understand that if

6   they do return a verdict as to one or more counts, their

7   deliberations as to those counts are completed so that they

8   don't later think that they had an opportunity to go back.  It

9   then is foreclosed.

10          All right.  Is there any additional argument folks

11   would like to have on that language?  I think the folks'

12   positions are then on the record.

13          Let's go ahead and bring out the jury.  Is the full

14   jury in there?  Let's go ahead and bring them out.

15          (Jury present)

16          THE COURT:  Ladies and gentlemen, let's all be seated.

17          The Court has received a note from the jury, which I

18   have marked as Court Exhibit 3.  It is signed by Ms. Moy.  It

19   was -- the time is noted at 11:47.  The Court received it about

20   11:50.

21          The note reads as follows:  If we cannot come to an

22   agreement, how long should we deliberate?

23          Let me give you folks the following instruction:

24          There is no set length of time during which you should

25   deliberate or for which you should deliberate.  Unanimity is

E9iQdel1                         Jury Trial

1    required to return a verdict on each count, and, if after

2    careful deliberation, you can't reach a unanimous verdict, you

3    should so inform the Court.

4            However, let me instruct you that one option for you

5    which you can choose to exercise or not in your discretion is

6    that if you agreed unanimously as to one, but not all, counts,

7    you can return a verdict as to any count as to which you have

8    reached unanimous agreement.  You would then continue your

9    deliberations with respect to the remainder.  However, your

10   deliberations would be completed as to any counts for which you

11   returned a unanimous verdict.

12           Now, you've been deliberating for about one day.  I

13   know what's occurred over the course of two days and a little

14   bit, but we timed it from when alternate No. 1 came and became

15   Juror No. 7, and you were instructed to start from scratch.

16   That is not an unusual length of time for deliberations for a

17   series of counts such as those before you.  It is normal for

18   jurors to have difference of opinion at first.

19           I, of course, want to just remind you that the case is

20   important to both the defendant and to the government.  If you

21   fail to reach a verdict on one or more counts, you will leave

22   open the possibility that that count may have to be tried

23   again, and there is no reason to believe that this case will be

24   tried more exhaustively than it was here or that we would have

25   a jury more conscientious than you are.

1    So I encourage you to go back and to deliberate with

2    an open mind, to listen carefully to each other, but no juror

3    should vote for a verdict if it does not represent his or her

4    view after such careful deliberation.

5    All right?  You may return to the jury room, ladies

6    and gentlemen.  Thank you.

7    (Jury deliberations resumed; time noted 12:40 p.m.)

8    THE COURT:  Let's be seated.  I want to make sure that

9    since we know there is very likely some disagreement as to all

10   counts or one or more counts, that we give you folks sort of

11   the obvious chance to think about a couple of things:

12   (1)  If the jury does return a partial verdict, what

13   language you want the Court to state around that partial

14   verdict, if you have any particular language.  The Court would,

15   of course, instruct the jury that their deliberations on those

16   counts are now completed, and they should go back and continue

17   to deliberate as to the remaining counts.

18   The other possibility is we get another note

19   relatively shortly or in several hours or tomorrow, whenever it

20   is, that they are still unable to reach agreement, and they do

21   not return a partial verdict.  At that point, if there is

22   additional language which you think could be appropriately

23   given, you can provide it.

24   The Court hasn't looked through Second Circuit case

25   law on these kinds of issues.  I'm sure you're all familiar

E9iQdel1                    Jury Trial

1   with the same case, the *Vargas* -- there are certain cases which

2   go to the edge of certain cases which aren't as close to an

3   outer edge, but there are cases which show you, I think,

4   effectively how far you can go, and you folks could, if you

5   want to, come up with additional language.  What we've just

6   given is a type of charge, but there is additional maneuvering

7   room, I think, from the Court's perspective, on the law.

8           The last issue that you folks can think about is if

9   they come back and either after an additional charge, modified

10  Allen-type charge, remain deadlocked, if there is any

11  particular language you would want at that point around the

12  declaration of a mistrial.

13          So, let's have you folks begin to think about those

14  since you have a little bit of time.  I think those are three

15  potential scenarios as well as questions on the evidence or

16  verdict on everything.  All right?

17          Is there anything you folks would like to raise with

18  me right now?

19          MS. GERACI:  No, your Honor.

20          MR. PITTELL:  Judge, I received your order regarding

21  my letter.  I want to at least -- I'll be brief -- put on the

22  record why I sent the letter last night.  I got the transcript

23  from the reporter.  I you know read over the transcript the way

24  I do.  When I reached to that point, I read the instruction, I

25  played the recording again, I know that we discussed it, and

E9iQdel1                    Jury Trial

1    then we heard from the jury; but when I listened to it

2    collectively a third time, I kind of got the sense that the

3    jury was questioning whether from their note and their request

4    for that recording that they felt that Mr. Delva was not

5    initially present, but then by making -- as in the recording

6    telling Mr. Accilien not to say anything, not to write

7    anything, could that be joined in the conspiracy in progress.

8    That's what prompted me to at least write the letter to the

9    Court and to request clarification.

10             THE COURT:  All right.  As you know from my order this

11    morning, I denied the application.

12             MR. PITTELL:  Right.

13             THE COURT:  Let me just state some additional

14    reasoning as to why.  In my experience, the fact that two

15    questions appear on a jury note does not necessarily mean that

16    one is a predicate to the second.  I don't make those kinds of

17    assumptions unless there is a specific language connection

18    between the two.  Therefore, I did not make an assumption --

19    and I think it would be inappropriate to have done so -- that

20    the request relating to replaying Government Exhibit 800 was

21    necessarily linked to the second question.

22             In my view, the second question was a question about

23    what progress meant.  That's really exactly what it said.  And

24    I think that by re-reading what was an agreed-upon instruction

25    in terms of the language as to what progress means, but also in

1    the course of you adding to that the need for the jurors to

2    come to some sort of resolution of joining, I think that I put

3    in place certain protections around just telling them that any

4    conduct during progress would be conspiratorial.

5            In addition to that -- I had another point.  Let me

6    just think.  It slipped my mind.

7            MR. PITTELL:  I know what the point is going to be

8    because you added the language about the government's theory.

9            THE COURT:  No, I'm sorry.  My point -- no, that

10   language was agreed because you wanted to make sure that if

11   their belief was that it was a later joinder.  So that was

12   agreed language.

13           My point was to have answered the question as you had

14   suggested, which was the word "no," would have been, in the

15   Court's view, making a factual finding, and that would have

16   been inappropriate.  So the Court is obviously not going to

17   make that factual finding, but simply instruct them as to what

18   the law is on progress and joining a conspiracy.  I think that

19   properly fully sets forth my thought as well as yours.

20           I hadn't received anything from the government.  So,

21   if the government had a view on that which suggested that I

22   should have gone with what Mr. Pittell is suggesting, then

23   obviously it would be important to know.

24           MS. GERACI:  We agree with your Honor.

25           THE COURT:  Let's take our break now until we get our

E9iQdel1                          Jury Trial

1   next note from the jury.  I would ask you folks to think about

2   these three scenarios so we could save some time, and you folks

3   will have an opportunity to put your thoughts down in advance.

4              MR. PITTELL:  Is the jury -- now that they've taken a

5   lunch break, have they stopped deliberating?

6              THE COURT:  Their lunch has been delivered up to them.

7   It's up to them to decide if they want to take some time to

8   walk around, but there is no set time.  It's my practice not to

9   set a time for a break because they sometimes prefer to

10  deliberate until they're done.

11             MR. PITTELL:  Thank you.

12             THE COURT:  All right.  Thank you.

13             (Recess pending verdict)

14             (Jury not present)

15             THE COURT:  Ladies and gentlemen, let's all be seated.

16             I have received a note from the jury.  I've marked it

17  as Court Exhibit 4.  It will be available for inspection.

18             I received it as 1:05, which was shortly after it came

19  to us, very shortly after.  There is no time indicated by

20  Ms. Moy who signed it.

21             It states:  We would like to hear the testimony

22  Gregory Accilien provided as a result of the prosecution's

23  questioning regarding David Delva's involvement in the

24  kidnapping of Jeanette Adams and/or Patrick James.

25             So, let me read this again.  Then I will leave it for

E9iQdel1                          Jury Trial

1    you folks to go through.

2            We would like to hear the testimony Gregory Accilien

3    provided as a result of the prosecution's questioning regarding

4    David Delva's involvement in the kidnapping of Jeanette Adams

5    and/or Patrick James.

6            So let me leave this for you folks to try to come up

7    with the right prosecution questioning in that regard; and if

8    you have disagreements, let my deputy know.  He will bring me

9    out.

10           If you are in agreement, then send in a copy of the

11   transcript that you are planning on or pieces of the transcript

12   that you are planning on sending in, and then we will call the

13   jury out.  As quickly as you can.

14           MR. POSCABLO:  Thank you, your Honor.

15           (Recess)

16           (Jury not present)

17           THE COURT:  Counsel, why don't you hand up what you've

18   got.  We got this over an hour ago, an hour and 25 minutes ago,

19   and I'm interested in getting the jury answers.

20           Now, I need the transcript pieces.  Do you have the

21   transcript marked someplace?

22           MR. POSCABLO:  We have a way to print it, Judge.

23           THE COURT:  I can look at each and every one of

24   these -- I will now have to look each and every one of these

25   up.

1        MR. PITTELL:  Judge, a good portion of the time the

2   government was going through it, they gave me a list.  I have

3   been going through the list.  I have gone through all the

4   direct.  There are 14 sections that they marked.  I have

5   objection to -- two of them I have no objections.  The other

6   ones I have objections.  I'm writing down my exceptions.  A lot

7   of them describe conduct by Mr. Accilien.  They don't describe

8   Mr. Delva's conduct.  Those are my objections.

9        THE COURT:  Which ones are those that are not related

10  to Mr. Delva?

11       MR. PITTELL:  All the ones that I have exceptions to.

12       THE COURT:  So tell me what they are.  I am about to

13  go through them.  I am going to get the jury an answer whether

14  I have to go through the transcript myself.  It has now been an

15  hour and 30 minutes.

16       MR. PITTELL:  The first one page 102/lines 21 to 25.

17       THE COURT:  Do the next one.  I will look at all of

18  them and see where it stops talking about Mr. Delva.

19       Do you have an exception on 103 page.

20       MR. PITTELL:  All of it except lines 8 through 10.

21       112 page/line 16 through 21, objection to all of it.

22       The next one starts at 131/line 7 goes through

23  131/line 3.  Objection to all of it except the following:

24  132/line 10 through 15.  132/line 24 through 25.  133/line 1

25  through 2.  133/line 17 through page 134/line 9.

E9iQdel1                    Jury Trial

1          Tell me if I'm going too fast.

2          THE COURT:  No.  If the court reporter can follow you,

3   then we're OK.

4          MR. PITTELL:  Page 134/line 18 through 24.  Page

5   135/line 6 through 9.  Page 138/line 2 through 8.

6          The next one is 139/line 10 through page 140/line 8.

7   I have objections to all that except for page 139/lines 10

8   through 13.

9          THE COURT:  Next.

10          MR. PITTELL:  The next is 140/line 22 through 25.  I

11   object to all of that.

12          The next one is page 141/lines 1 through 15, all of

13   it -- well, I don't object to lines 5 through 15.

14          THE COURT:  Next.

15          MR. PITTELL:  The next one page 142, that's all OK.

16          THE COURT:  OK.

17          MR. PITTELL:  Page 143/line 1 through 13, and then 18

18   through 25, objection to all of that.

19          Then it says 144, all.  I have objection to all except

20   lines 8 through 11 and 16 through 25.

21          THE COURT:  All right.  Next.

22          MR. PITTELL:  The next one says 145, all.

23          THE COURT:  Yes.

24          MR. PITTELL:  I have objection to all except for lines

25   1 through 8 and 12 through 24.

E9iQdel1                      Jury Trial

 1             THE COURT:  OK.

 2             MR. PITTELL:  The next one is line 146 -- I'm sorry --

 3      page 146/lines 1 through 20.  I have objection to lines 1

 4      through 11.

 5             And the last page 147/7 through 16, I don't have

 6      objections to.

 7             I haven't gone through the redirect yet.  There are

 8      five items.

 9             THE COURT:  Did you have yourself any other testimony

10      that you believe should be included apart from that which you

11      asked to have excluded.

12             MR. PITTELL:  No.

13             THE COURT:  I will look at this.  You will look at the

14      redirect.  I will come out in another five to ten minutes, and

15      we'll resolve.

16             MR. PITTELL:  Thank you.

17             THE COURT:  All right.

18             (Recess)

19             THE COURT:  Let's all be seated.  We will go through

20      some of it, and I am going to go through the rest of it while

21      you are sitting here.  I have reviewed what the government had

22      provided in handwritten form which I will recite.  Mr. Pittell

23      has already put forward his objections on the direct that was

24      proposed by the government, and I understand that, Mr. Pittell,

25      you object to the entirety of the redirect that's been

1    designated or proposed.

2              MR. PITTELL:  Right.

3              THE COURT:  Here are my rulings up through pages -- up

4    to page 139.  And I will then go through the rest of it with

5    you right here because I want you folks to start preparing it.

6              Page 102/line 21 through 25 was proposed by the

7    government.  I agree with that proposal for the following

8    reasons:  It is Mr. Accilien being arrested for robbery and

9    kidnapping which he then on page 103/lines 1 through 21, also

10   proposed by the government, then connects to his identification

11   of Mr. Delva as a participant in those events.  So that is

12   obviously laying the groundwork for exactly what the jury had

13   asked for.

14             Page 112/16 to 21 is, again, directly talking about

15   the events here and goes into what the jury had asked for.  Let

16   me get you exactly the content.  It's 16 to 21.  Yes, this is

17   exactly responsive.  It's Mr. Accilien talking about Mr. Delva

18   being involved in his statement to the government in that

19   regard.

20             Page 131/lines 7 through 25 through 139/line 3.  That

21   is, in fact, the heart of everything.  That is the entirety of

22   the period of time when Mr. Accilien is talking about precisely

23   what happened in the apartment over that period of time during

24   the period of time when Mr. Accilien and Mr. Delva went out,

25   went back, when Mr. Delva returned, then when Mr. Accilien

E9iQdel1                    Jury Trial

1    returned, the state of the apartment at that time.  So all of

2    that is OK and the government should begin preparing it.  Let

3    me go through the remainder.  I am going to do that right now.

4              MR. POSCABLO:  Judge, did you talk about page 113?

5              THE COURT:  I don't have 113 on my list.  I have

6    112/lines 16 through 21.

7              MR. POSCABLO:  You're right, Judge.  I apologize.

8              THE COURT:  All right.  Page 139/lines 10 through

9    140/line 8, and page 140/line 22 through 25 as proposed by the

10   government.  Those are, in fact, directly responsive.  Again,

11   it is what was going on inside the apartment at a time when

12   Mr. Accilien is testifying that Mr. Delva was present.

13             Also for page 140/line 1 through 15, 142/lines 13

14   through 17 and 20 through 22, those are again directly

15   responsive, all of those lines, to what was occurring in the

16   apartment and Mr. Delva's actions in part in regard thereto,

17   but all of it is exactly what was happening with respect to the

18   kidnapping and robbery when Mr. Delva was alleged to be

19   present.

20             MS. GERACI:  Judge, could you give us those lines one

21   more time?

22             MR. POSCABLO:  I have them.

23             THE COURT:  142/13 through 17 and 20 through 22.

24             MS. GERACI:  Thank you, your Honor.

25             THE COURT:  143/lines 1 through 13 and 18 through 25 I

1  also find directly responsive.  There is a question at first

2  why 1 through 13 would be part of it, but then when you combine

3  lines 1 through 13 with 18 through 25, it's the necessary

4  background to the communication with Mr. Delva regarding

5  Mr. Accilien leaving the apartment and leaving Mr. Delva

6  behind.  So it again explains a key piece of Mr. Delva's

7  alleged presence.

8          Page 144 -- all of it is Mr. Accilien testifying as to

9  leaving the apartment, going to his own apartment but then

10  Mr. Delva allegedly appearing with some of the belongings of

11  the victims which would go directly to the robbery, among other

12  things.  So that is responsive.

13          Page 145 -- Mr. Accilien's testimony regarding

14  Mr. Delva's description as to what occurred in the apartment

15  when Mr. Accilien was not there.  That is directly responsive.

16          Page 146/lines 1 through 20 are again Mr. Accilien's

17  statements in a conversation with Mr. Delva directly relating

18  to the items which he had taken from the apartment.  He alleged

19  -- he being Mr. Delva -- as well as the car.  That is direct

20  testimony relevant to robbery.

21          Page 147 line 7 through 16 is also directly

22  responsive.  It is a payment made to Mr. Delva for his

23  participation in the robbery and kidnapping.

24          Let me have, if I could, please, the transcript

25  relating to the redirect.

E9iQdel1                    Jury Trial

1          All of those should go in, and the government should

2     begin preparing that material.  The objections are overruled.

3          MR. POSCABLO:  Thank you, your Honor.

4          THE COURT:  Page 448/lines 24, 25 and 449/lines 1

5     through 6, 14, 17 and 18 are also directly responsive as to

6     Mr. Accilien's reasons for bringing Mr. Delva along into the

7     apartment.  It is a fuller explanation what of he had said on

8     direct and similarly responsive.

9          450/lines 3 through 6 and 23 through 25 is again

10    explanation in the same regard.

11         Page 456/line 20 to 23 is also directly responsive.

12    The jury's question relates to Mr. Delva's involvement in the

13    kidnapping.  That testimony that is designated at page 456

14    relates to whether or not Mr. Accilien had any awareness of Mr.

15    Delva being at the West Indian day parade in September of 2012,

16    and his statement that he was not to his knowledge is probative

17    of involvement of the kidnapping because the reasonable

18    inference is that you could not be two places at once.  So,

19    therefore, it goes to the question of involvement.

20         Page 457/lines 20 through 24 is also directly

21    responsive because it is indicating that Mr. Delva was

22    participating in the robbery and kidnapping, and, therefore,

23    directly responsive to the jury's question of involvement as

24    well as involvement insofar as it references Mr. Delva hitting

25    the victim.

E9iQdel1                    Jury Trial

1          So those objections are overruled

2          MR. POSCABLO:  Judge, we've prepared the transcript,

3   we are just going to run downstairs and print it out.  It

4   should take us about five minutes.

5          THE COURT:  Mr. Pittell, is there anything you would

6   like to add on to the record apart from your objections?

7   They're noted for the record.  I've overruled them, but I am

8   about to take another break, and I want to be sure you have an

9   opportunity to put forth on the record whatever you would like.

10         MR. PITTELL:  No, your Honor.  Thank you.  I think my

11  objections are noted.

12         THE COURT:  All right.

13         MR. PITTELL:  Just so the record is clear, I said I

14  objected to all the redirect.  It was the pages that you said

15  were in starting at 448 going through 457, those series of

16  pages.

17         THE COURT:  Yes.  When the government has transcripts,

18  let's get it back out here.

19         MR. PITTELL:  We are giving two copies to the jury.

20         THE COURT:  Yes, I'll do what I did before.  Call them

21  out.  Read them the question, say we prepared some transcripts

22  and hand it to them.  That's it.

23         (Recess)

24         THE COURT:  Let's bring out the jury.

25         (Jury present)

E9iQdel1                     Jury Trial

 1           THE COURT:  Ladies and gentlemen, let's all be seated.
 2   I received a note from the jury.  The note was received at
 3   1:05.  I apologize for how long it's taken us to get it
 4   together, but you'll see that we have collected the information
 5   and are ready to hand it to you.
 6           The note states -- it was marked as Court Exhibit 4 --
 7   we would like to hear the testimony Gregory Accilien provided
 8   as a result of the prosecution's questioning regarding David
 9   Delva's involvement in the kidnapping of Jeanette Adams and/or
10   Patrick James.
11           So, we have prepared some copies, all of which are
12   identical, of Mr. Accilien's direct and redirect examination.
13   If there is anything else that you think you want in that
14   regard, you should let us know.  But this is the direct and
15   redirect examination in that regard.  My deputy will hand it to
16   Ms. Moy.  Thank you, ladies and gentlemen.  You may return to
17   the jury room.
18           (Jury deliberations resumed at 3:15 p.m.)
19           THE COURT:  All right.  Ladies and gentlemen, is there
20   anything else we should do before we take a break until we get
21   another note from the jury?
22           MR. POSCABLO:  No, your Honor.
23           THE COURT:  Mr. Pittell?
24           MR. PITTELL:  No.
25           THE COURT:  All right.  Thank you.

E9iQdel1                          Jury Trial

1          (Recess pending verdict)

2          (Jury not present)

3          THE COURT:  Ladies and gentlemen, why don't we all be

4   seated?

5          I've received a note from the jury, which I will mark

6   as Court Exhibit 5.  It says:  We have a decision, is what it

7   says.  We have a decision.  Signed by Deirdre Moy received at

8   4:20.

9          Because of our back and forth earlier today, my plan

10  is when they come out here, first to ask the foreperson if

11  they, in fact, have reached a verdict on each of the eight

12  counts.  I want to know what I think it is they are giving to

13  me.  At that point, if the answer is yes, we will go through

14  our normal process.  Is there any objection to that?

15         MR. POSCABLO:  None from the government, your Honor.

16         MR. PITTELL:  No.

17         THE COURT:  Let's bring out the jury.

18         (Jury present)

19         THE COURT:  Ladies and gentlemen, let's all be seated.

20         I have received a note from the jury.  I have marked

21  it as Court Exhibit 5.  It was received on today's date at

22  4:30 p.m.  It's timed 4:20 from Ms. Moy.  It states:  We have a

23  decision.

24         Madam foreperson, has the jury reached a verdict on

25  each of the eight counts?

E9iQdel1

1          JUROR:  Yes.

2          THE COURT:  Would you please hand the verdict sheet to

3     my deputy?  I am going to ask my deputy to read the verdict.

4          THE DEPUTY CLERK:  The jury's verdict in the matter

5     United States of America v. David Delva, 12 CR 082:

6          Count One:  Robbery conspiracy.  How do you find the

7     defendant, David Delva, with respect to Count One, conspiracy

8     to commit robbery?  Guilty.

9          Count Two:  Robbery.  How do you find the defendant,

10    David Delva, with respect to Count Two robbery?  Not guilty.

11         Count Three:  Kidnapping conspiracy.  How do you find

12    the defendant, David Delva, with respect to Count Three,

13    conspiracy to kidnap?  Guilty.

14         Count Four:  Kidnapping.  How do you find the

15    defendant, David Delva, with respect to Count Four, kidnapping?

16    Not guilty.

17         Count Five:  Use of firearms.  How do you find the

18    defendant, David Delva, with respect to Count Five use of

19    firearms during and in relation to crimes of violence?  Not

20    guilty.

21         Count Six:  Narcotics distribution conspiracy.  How do

22    you find the defendant, David Delva, with respect to Count Six,

23    conspiracy to distribute or possess with intent to distribute

24    controlled substances?  Guilty.

25         Did you unanimously find beyond a reasonable doubt

E9iQdel1

1    that the defendant conspired to distribute or possess with the

2    intent to distribute cocaine base in a form commonly known as

3    crack?  Yes.

4           Marijuana.  Do you unanimously find beyond a

5    reasonable doubt that the defendant conspired to distribute or

6    possess with intent to distribute marijuana?  Yes.

7           Count Seven:  Use of firearms.  How do you find the

8    defendant, David Delva, with respect to Count Seven, use of a

9    firearm during and in relation to a drug-trafficking crime?

10   Guilty.

11          Count Eight:  Possession of a firearm by a felon.  How

12   do you find the defendant, David Delva, with respect to Count

13   Eight, unlawful possession of a firearm by a felon?  Guilty.

14          Madam foreperson, is this the jury's verdict?

15          JUROR:  (Nods yes)

16          THE COURT:  Poll the jury.

17          (Jury polled; each juror answered in the affirmative)

18          THE DEPUTY CLERK:  The jury is polled.

19          THE COURT:  Counsel, is there any reason for the Court

20   not to discharge the jury at this time?

21          MS. GERACI:  No, your Honor.

22          MR. PITTELL:  No.

23          THE COURT:  Ladies and gentlemen, I want to thank you

24   for performing your jury service with such diligence and over

25   what I know is a long period of time in terms of taking out of

E9iQdel1

1   your life.

2           As I said at the very beginning, our system of law

3   requires that citizens like you dedicate their time and their

4   conscientious attention to performing a jury service or our

5   system of law doesn't work.  So I want to thank you for

6   undertaking this jury service.

7           I also want to thank you for the care and attention

8   which you folks have given to this trial.  I can tell from your

9   notes and from the attention that you folks were paying during

10  the trial that you were paying attention to the evidence, and

11  that was obvious throughout.

12          I had repeatedly reminded you about your obligation of

13  silence with respect to this case.  Now that your jury service

14  is completed, I now release you from that obligation of

15  silence, and you may now talk about this case should you choose

16  to do so.  However, you need not talk about this case.  Whether

17  you do or not is entirely up to you.  So if you get a phone

18  call from someone who wants to talk to you about this case.  If

19  you don't want to talk about it, you are absolutely -- it's

20  fine for you to say I don't want to talk about it and not

21  discuss it.

22          If you choose to talk about this case, I ask that you

23  respect the opinions of your fellow jurors and let them speak

24  about their own opinions and that you if you are going to speak

25  about the case, speak just about what your views of the case

E9iQdel1

1    were and not speak for each other.

2           Again, thank you.  Joe has, I think, some final

3    instructions for you.  He can talk to you again now, and he

4    will see you out in the jury room.  You are dismissed.  Thank

5    you.

6           (Jury discharged)

7           THE COURT:  All right, ladies and gentlemen.  Let's

8    all be seated.

9           The verdict form will be marked as Court Exhibit 5.

10   As I said, and it will go on to the dockets available here for

11   inspection.

12          Are there any applications?

13          MR. POSCABLO:  None from the government, your Honor.

14          MR. PITTELL:  Judge, I was wondering if you could give

15   me additional time to file any post trial motions.  I would

16   normally ask for 30 days, but given I'm starting a lengthy

17   trial Monday, I would ask the Court consider giving me 60 days.

18          THE COURT:  I don't think that that is an unreasonable

19   request.  Mr. Poscablo and Ms. Geraci, do you have any issue

20   with that?

21          MR. POSCABLO:  No objection to that.

22          THE COURT:  The Court will put the date for post trial

23   motions.  Today's date is the 18th.  So why don't we say the

24   21st of November?

25          MR. PITTELL:  That's fine.  Thank you.

E9iQdel1

```
 1          THE COURT:  So 11/21.  Today is also -- since it's
 2   9/18, let's set the sentencing date for December 18.  Are you
 3   going to be off trial by then, Mr. Pittell?
 4          MR. PITTELL:  I will, but, I mean, realistically I
 5   don't know if I am going to be able to attend the presentence
 6   interview.
 7          THE COURT:  We can speak after the first of the year.
 8   You may not have time to do your reply to the post trial
 9   motions.  Given they're coming in 60 days, I realize I need to
10   give it a little bit more time.  We have 11/21.  Why don't we
11   put the government's response to post trial motion would 12/11
12   work?
13          MR. POSCABLO:  Yes, your Honor that would be great.
14          THE COURT:  So December 11.  And then Mr. Pittell,
15   before Christmas, say, 12/22 for the full brief post trial?
16          MR. PITTELL:  That's fine.
17          THE COURT:  Then we'll put the sentencing into
18   January.  For a January date, I will need to talk to my deputy
19   because I have some other things in January.  I happen to know
20   the 18th of December was open.  But for January I will issue an
21   order.
22          Anything further we should do this afternoon, counsel?
23          MR. POSCABLO:  No, your Honor.
24          MR. PITTELL:  Nothing from us.
25          THE COURT:  Thank you.  The verdict form is up here
```

E9iQdel1

1    for inspection, but please leave it behind, it will be posted

2    on the docket if you want to look at it.  Thank you.

3             We are adjourned.

4             (Trial concluded)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25