```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA                                          :
                                                                  :
        - v. -                                                    :
                                                                  :
                                                                  :
DAVID DELVA,                                                      :
                                                                  :
                        Defendant.                                :
------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 19, 2015

12 Cr. 802 (KBF)

MEMORANDUM
DECISION & ORDER

KATHERINE B. FORREST, United States District Judge:

The Court received a letter from defendant, dated February 10, 2015 (see attached) requesting the appointment of new counsel. Defendant asserts that his counsel, Mr. Pittell, has shown a "lack of interest" in the case and that Mr. Pittell had informed him months before trial of the plan to "attack Jeanette Adams on her false claim of rape", but shortly before trial Mr. Pittell decided to change tactics and "not attack" her. Defendant asserts that he would have asked for new counsel if he had sufficient warning of the change in strategy regarding Ms. Adams.[1] The jury did not have to make a finding of rape as this defendant was never charged with rape; however, he faces a potential sexual exploitation enhancement at sentencing. Sentencing was adjourned once in order to appoint Bruce Bryan as additional defense counsel and is now scheduled for February 27, 2015.

"While a defendant has a right to counsel of his choice under the Sixth Amendment, it is not an absolute right. Absent a conflict of interest, a defendant in

---

[1] Defendant brought up his concern at an ex parte hearing immediately before trial was set to begin; this Court denied his request for new counsel.

a criminal case does not have the unfettered right to retain new counsel." United States v. Brumer, 528 F.3d 157, 160 (2d Cir. 2008) (internal quotation marks and ellipsis omitted). "In determining whether to allow a defendant to retain new counsel, the court must consider the risks and problems associated with the delay, and whether substitutions would disrupt the proceedings and the administration of justice." Id. (internal quotation marks and ellipsis omitted). The Court has weighed defendant's interest in new counsel with the issues associated with further delay and DENIES defendant's request.

Defendant makes his request the week before sentencing. The sentencing has already been adjourned once at the request of defendant. (ECF No. 222.) Defendant chose to wait until the eve of sentencing, despite the sentencing date taking place over five months after the conclusion of trial. The Second Circuit recently found that a trial court acted "well within its discretion in refusing to allow substitution of counsel on the eve of sentencing." United States v. Barreras, 494 Fed.Appx. 115, 119 (2d Cir. 2012). While that case involved a defendant who had already changed counsel three times and delayed his sentencing twice, the defendant also had a new attorney attempting to enter an appearance on his behalf before sentencing. Id.; see also United States v. Kopp, No. 00-CR-189A, 2007 WL 1747165, at *3 (W.D.N.Y. June 18, 2007) (denying the motion for substitution of counsel as untimely where it was made "33 days before sentencing and after the PSR was prepared"). Here, defendant suggests the name of an attorney on the eve of sentencing, but it is unclear if that attorney is anything more than a name he received from another

2

inmate. Even if this attorney were willing to take the case, appointment of new counsel at this point would substantially and unnecessarily delay sentencing.

Regardless, defendant does not say that there has been a breakdown of communication with his counsel or that his counsel is unprepared for sentencing; he instead wishes to replace his counsel for a tactical decision made months ago at trial.[2] When "a defendant voices a seemingly substantial complaint about counsel, the court should inquire into the reasons for dissatisfaction." United States v. Simeonov, 252 F.3d 238, 241 (2d Cir. 2001) (internal quotation marks omitted). If the reasons underlying the defendant's grievance are made known to the court, the court may rule on the defendant's request for new counsel without further inquiry. Id.; see also United States v. Bliss, 430 F.3d 640, 651–52 (2d Cir. 2005) (holding that the district court did not abuse its discretion by ruling without further inquiry where the court had been apprised of the reasons for the defendant's request for new counsel). Here, defendant has made known his grievances in a letter. Defendant's grievances complain of a difference in trial strategy, not a breakdown of communication relating to sentencing. In fact, the many post-trial submissions by Mr. Pittell indicate active communication with his client.[3] The grievances are

---

[2] All strategic and tactical decisions – aside from decisions to plead guilty, waive a jury and testify – are the "exclusive province" of defense counsel and may not be overridden by defendant without waiver of the right to counsel. See Henry v. Mississippi, 379 U.S. 443 (1965). Mr. Pittell made a reasonable tactical decision at trial not to attack Ms. Adams as vigorously as his client preferred – though it should be noted that his cross-examination was thorough and brought out some inconsistencies.

[3] On December 16, 2014, Mr. Pittell and co-counsel submitted a 41-page motion for judgment of acquittal. (ECF No. 231.) On January 7, 2015, Mr. Pittell wrote the Court to advocate that his client have the 3500 materials sent directly to him in prison. (ECF No. 235.) In that letter, Mr. Pittell still made clear, "I have corresponded with Mr. Delva and provided the sought after materials as

3

largely unrelated to sentencing proceedings, but deal instead with trial strategy and post-trial motions. However, defendant's Rule 29 and Rule 33 motions have already been denied and all that remains in this action is sentencing. Substitution of counsel at this point would do nothing to solve defendant's grievances. Accordingly, the Court does not see a need for further inquiry and DENIES defendant's motion for appointment of new counsel.

SO ORDERED:

Dated:  New York, New York
        February 19, 2015

                                    _____
                                    KATHERINE B. FORREST
                                    United States District Judge

---

appropriate." On January 19, 2015, Mr. Pittell additionally sought to delay sentencing pending the appeal of defendant's co-conspirators. (ECF No. 241.)

4

Katherine B. Forrest.

February, 10 2015

RECEIVED FEB 18 2015 KATHERINE B. FORREST U.S. DISTRICT JUDGE S.D.N.Y.

I am requesting appointment of new counsel. My current counsel tricked me into going to trial with him. My lawyer informed me months before trial that he was going to attack Jeanette Adams on her false claim of rape. He brought up the facts of why she was lying and I agreed on that route of pursuing trial. My last meeting before trial with my lawyer he told me he would not attack Jeanette Adams and he would continue his defense as the rape did occur. By that time it was too late to fire the lawyer and ask for a new one because it was like a few days before trial. I brought it up in the ex-parta hearing but you said theres no misconduct or ineffective assistance.

While if he would of told me months beforehand those methods I would of asked for an appointment of new counsel then. Now I can't get a Fatico Hearing on the matter and you believe in the Female Victim's lies. While my lawyer could of impeached her during trial but he chose not to. I have no decision over how I get defended and what I asked my lawyer to do he didn't. The route he chose is causing me to get a sexual exploitation enhancement. I am not doing any Sexual programs, I am not registering as a sexual offender, I want a new lawyer. My current lawyer is showing lack of interest in my case and hiring other lawyers who know nothing about my case to write Rule 29 motions which he obviously

didn't proofread. If I can have a say so In a new Counsel I would like to request Richard B. Lind Attorney at law. 745 Fifth Avenue Suite 902 New York, N.Y. 10151 Telephone # (212)-888-7725, Fax (212) 371-2961 Email RLindesq@aol.com †

Thank You

[signature]